S. VAUGHN *v.* THOMAS SWAN ET AL.

Partnership Accounts—Purchase of Land with Funds—Burden of Proof.
Where, in a suit for purchase of land, claimed to have been made with partnership funds, the burden of proof is on him so charged to show that there was not sufficient funds with which the purchase could have been made.

Same.
Where the evidence shows that a partnership business for a period of years made no profits, the presumption is that lands purchased by one partner was for his individual benefit and not for the partnership account.

APPEAL FROM MARION CIRCUIT COURT.

July 1, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought by appellees claiming, as heirs of Samuel Swan, deceased, one-half of a tract of about 270 acres of land in Marion county, in possession of appellant, and which they allege was purchased and paid for with the partnership funds of said Swan and appellant, and partition of the land prayed for. Appellant denies that the land was purchased for the benefit of the firm, or paid for with partnership funds, but avers that he purchased it, and paid for it, with his own individual means.

On the first hearing in the court below, that court was of the opinion that the land was bought for the benefit of the firm, and that in order to a proper adjustment of the rights of the parties, it was necessary that a settlement of the partnership accounts of Swan and Vaughn should be made, and ordered that unless the plaintiffs below, would so amend their pleadings as to authorize a settlement, or to show that the accounts and business of the firm had been settled, that the petition should be dismissed—appellants declining to make such amendment, and their petition was dismissed, from which judgment they appealed to this court, and that judgment was reversed on the ground that it did not appear as the record was then presented, that there was a deficit of part-

nership funds to pay the entire consideration, or that there had been even a settlement of partnership accounts, and that the *prima facie* presumption was that Vaughn paid for the land with partnership funds either directly, or indirectly, and that the burden of showing either that there were no partnership funds appropriable to the purchase, or that they had been otherwise accounted for and appropriated, devolved on Vaughn, and the judgment was therefore reversed, and the cause remanded for further proceedings.

After the return of the cause the depositions of quite a number of witnesses were taken, several of whom had been partners in the mercantile firm of Vaughn and Swan, at different times, and for longer and shorter periods during the time they sold goods in Bradfordsville, and they all concur in the conclusion, that no money was made by the firm of Vaughn and Swan or by other firms in which they were interested. Yowell was a partner with them for several years, during all of which time he proves the firm lost money, they sold on 12 months' time, credited everybody, and he proves they lost more than the difference between what the goods cost them and the nominal price for which they sold them, or in his language they lost all or more than the profits on the goods. And Beard, who was a partner before Yowell went in, says they lost money while he was interested with them. Clift, who became a partner in 1853, proves they lost money during the time he was a member of the firm; he remained in about one year and immediately preceding the purchase of the land by Vaughn, of Gartin. He also proves that while he was in the firm, he had access to the books, and was informed on the subject of the business of Vaughn and Swan, and was satisfied they had lost money. All these witnesses prove the stocks of goods were very small, never exceeding $2,000, or perhaps once or twice reaching $2,500, when the new stock was received, and the actual capital employed by Vaughn and Swan was not more than about $1,250, of which Vaughn put in $750 and Swan $500. These facts proved after the return of the cause are uncontradicted by any evidence whatever indeed, there has not been an effort made to contradict them.

Vaughn has shown that he paid for the land by a sale of some of his negroes, by stock, and borrowing money. At the death of Swan he held the notes of Vaughn to a very considerable amount,

one for $1,796.86, executed 1st of September, 1856, in part payment of which, as the evidence conduces to prove, Vaughn transferred to him a note on Dr. Rose for $1,400, and one on John A. Thompson for $270; on that note suit was brought, and a judgment recovered for over $200. Swan held another note on Vaughn at the time of his death for $1,000 principal, which his administrator collected, after his death.

The Gartin tract of land cost $6,000, and the payments made by Vaughn out of the price he sold slaves for whom he inherited and raised, stock delivered, and borrowed money pretty clearly accounts for the manner the land was paid for.

Swan lived some six or seven years after the purchase was made and Vaughn moved on the land, he never claimed rent of him, and in fact the preponderance of the evidence is that he spoke of it, and treated it as Vaughn's land. Besides, the evidence shows that Swan was attentive to his business, and particularly careful of his interests, and that being his character, it is not probable that he would have neglected for six or seven years to take some written memorial of his right to a portion of the land, if such right existed. From the evidence adduced since the return of the cause to the circuit court, it appears that there were no partnership funds with which the land could have been paid for, or appropriable to that purpose, and consequently appellesse are not entitled to any part of it.

Wherefore, the judgment is *reversed*, and the cause is remanded with directions to dismiss appellees' petition.

*Rountree & Fogle*, for appellant.

*Harrison*, for appellees.